UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DANIEL BANNASCH,

        Petitioner,

                                                        CIVIL ACTION NO. 09-11564

v.

                                                      PAUL D. BORMAN

SHERRY L. BURT,                          UNITED STATES DISTRICT JUDGE

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTIONS TO BAR A
## RESPONSIVE PLEADING AND FOR AN EVIDENTIARY HEARING

Petitioner Daniel Bannasch has filed a *pro se* habeas corpus petition challenging his state convictions for two counts of first-degree criminal sexual conduct. Petitioner alleges that (1) the trial court used an improper standard when denying his motion to quash the information, (2-4) trial and appellate counsel were ineffective, (5) the prosecutor engaged in misconduct, and (6) the evidence was insufficient to sustain Petitioner's convictions.

On October 30, 2009, Respondent filed an answer to the habeas petition in which he argues that Petitioner's first two claims lack merit and that the remaining claims are procedurally defaulted. On November 2, 2009, Petitioner filed a motion to bar Respondent from filing a response to the habeas petition. On the same day, Petitioner filed a combined motion for an evidentiary hearing and to amend the habeas petition. These motions currently are pending before the Court.

Petitioner's motion to bar Respondent from filing a responsive pleading is based on Petitioner's mistaken notion that Respondent failed to file a timely response to the habeas petition. The responsive pleading was filed on October 30, 2009, three days before the deadline

of November 2, 2009, set by the Magistrate Judge on May 4, 2009. *See* Dkt. #4. Accordingly, Petitioner's motion to bar Respondent from filing a responsive pleading [Dkt. #8] is **DENIED**.

Petitioner's other motion seeks not to amend the habeas petition, but to have an evidentiary hearing to develop the facts on Petitioner's claims about trial and appellate counsel. "Generally, a habeas petitioner is entitled to an evidentiary hearing in federal court if the petition 'alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing.'" *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001) (quoting *Wilson v. Kemna*, 12 F.3d 145, 146 (8th Cir. 1994)). The Court is not persuaded that Petitioner's allegations of ineffective assistance of counsel are sufficient grounds for release. Accordingly, Petitioner's motion to amend the petition and for an evidentiary hearing [Dkt. #9] is **DENIED** without prejudice. The Court will reconsider the motion, if necessary, following its review of the state court record. It will not be necessary for Petitioner to renew his motion.

        s/Paul D. Borman
        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

Dated: April 7, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 7, 2010.

        s/Denise Goodine
        Case Manager